PER CURIAM.
The Justice Administrative Commission (JAC) petitions this court for a writ of certiorari to quash an order requiring the JAC to pay a court-appointed attorney fee of $2,000 or each of the three separate felonies. Because section 27.5304, Florida Statutes, prohibits fee “stacking” and authorizes compensation only for the most serious offense where a defendant is charged with multiple offenses in a single case, counsel was entitled to compensation of a single flat fee of $2,000 for the most serious offense. We therefore grant the petition and quash the order.[1]
*161 James Edward Jones was charged with three counts of sale of cocaine within 1000 feet of a place of worship or convenience business. All three charges, though arising out of separate transactions, were contained in one information and filed under one case number. The trial court appointed Attorney King to represent Jones in the criminal case. Jones entered a guilty plea to two of the three counts and the third count was nolle prossed.
On April 2, 2007, King filed a motion requesting an amended order of appointment. In the motion, King asked the court to clarify that the three charges were separate incidents and should be treated as separate cases for processing with the JAC. King also indicated that the assistant state attorney agreed that had the charges proceeded to trial each would have been tried separately as they were not a part of an ongoing criminal episode and instead were really three separate cases.
On April 4, 2007, the trial court entered an order clarifying that case 06-9610 involved three separate charges against Jones, and the JAC should compensate court appointed counsel for three separate cases. King then filed a billing statement with the JAC. King sought $2000 for each charge, totaling $6000.
The JAC filed a motion to vacate the prior order on April 26, 2007. The circuit court held a hearing on the motion to vacate and objections on May 7, 2007. The JAC appeared by counsel, arguing that this was a single case as to which only a single flat fee could be awarded. The state attorney noted that, in his view, the three sale of cocaine charges were three “separate cases” charged in one information because Jones was already in custody and the state did not want to re-book and re-arrest Jones on each separate offense. The court overruled the objections and denied the motion. On June 19, 2007, the trial court entered an order approving payment of $6000 for attorney’s fees, costs or related expenses.
Florida Statute section 27.5304 controls. It provides for flat fees for private court-appointed counsel. It states, in pertinent part:
If the attorney is representing a defendant charged with more than one offense in the same case, the attorney shall be compensated at the rate provided for the most serious offense for which he or she represented the defendant. This section does not allow stacking of the fee limits established by this section.
Under the plain terms of the statute, the attorney is entitled to only one flat fee per “case” no matter how many “offenses” that case may encompass. Thus, where a single information or indictment is brought and a single case number assigned, a single “case” exists within the plain meaning of the language used. This construction is consistent with the construction of the statute put forward by the JAC, the agency charged with its interpretation and enforcement. As such, this construction is entitled to great weight, even were it not dictated by the plain meaning of the terms used. See Level 3 Cmmc’ns, LLC v. Jacobs, 841 So.2d 447, 450 (Fla.2003).[2]

Petition granted; order quashed.

FARMER, TAYLOR and MAY, JJ., concur.

. We note that respondent did not seek an hourly fee in excess of the usual flat fee, although an enhanced fee for an unusual and extraordinary case is awardable under Florida law and the policies and procedures of the Indigent Services Committee (ISC).

. We need not decide whether defense counsel might have been be entitled to separate *162 flat fees had the charges been severed for trial in a timely fashion. See Fla. R.Crim. P. 3.152(a)(1) (2007).